IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terrence McLamore, ) | |
| ) | CR No. 3:09-cr-00288-MBS |
| Movant, ) | C/A No. 3:16-cv-01858-MBS |
| v. ) | |
| ) | **AMENDED OPINION** |
| United States of America, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

Terrence McLamore ("Movant") is a federal inmate currently housed at FCI Edgefield in Edgefield, South Carolina. On June 8, 2016, Movant, originally proceeding pro se but now proceeding with counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.[1] ECF No. 125. This matter is before the court on a motion to dismiss filed by Respondent United States of America (the "government") on September 1, 2016. ECF No. 141. Movant filed a reply to the government's motion on September 6, 2016. ECF No. 142.

I. FACTUAL AND PROCEDURAL HISTORY

On March 11, 2009, a federal Grand Jury returned a two-Count Indictment charging Movant with: being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and (e) (Count 1); and being in possession of a firearm with an altered serial number in violation of 18 U.S.C. §§ 922(K) and 924(a)(1)(B) (Count 2). ECF No. 1. On August 20, 2009, Movant pleaded guilty before the Honorable Matthew J. Perry, Jr. to Count 1 of the Indictment pursuant to a plea agreement. ECF Nos. 53, 56. On June 2, 2010, the court sentenced

---

[1] Movant has also filed a motion to reduce his sentence under the First Step Act of 2018. ECF No. 144. The court will consider that motion separately.

1

Movant to 180 months of imprisonment with 5 years of supervised release to follow. ECF No. 67. Movant was designated a career offender under the Armed Career Criminal Act of 1984 (ACCA)[2] and received an enhanced sentence based on prior South Carolina convictions of assault and battery of a high and aggravated nature, drug distribution, drug trafficking, and attempted carjacking, offenses all detailed in Movant's Presentence Investigation Report. ECF No. 135 at 1. Judgment was entered on June 11, 2010. ECF No. 69. Movant appealed his conviction on June 16, 2010. ECF No. 71. The Court of Appeals for the Fourth Circuit Affirmed Movant's conviction and sentence on June 24, 2011. ECF No. 122.

## II. DISCUSSION

Movant seeks a correction of his sentence on the basis that he is no longer a career offender, based on the Supreme Court's decision in Johnson v. United States, 576 U.S. ----, 135 S. Ct. 2551 (2015). ECF No. 135 at 1. Movant contends that his attempted carjacking conviction is no longer a predicate offense under the ACCA.[3] In Johnson, the Supreme Court addressed ACCA, which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or

---

[2] Movant's Presentence Investigation Report indicates that he received an enhanced sentence under the United States Sentencing Guidelines. ECF No. 58. However, the Honorable Matthew J. Perry, Jr. sentenced Movant to a statutory minimum sentence. ECF No. 70. Because Movant received a statutory minimum sentence, Movant's enhancement came from the ACCA and not from the United States Sentencing Guidelines.

[3] For the purposes of Movant's § 2255 motion, the government concedes that Movant's convictions for assault and battery of a high and aggravated nature and drug trafficking are not predicate offenses, as those crimes are not categorically violent. ECF No. 141-1 at 3. According to Movant's Presentence Investigation Report, Movant had two prior drug distribution convictions in addition to his attempted carjacking conviction. ECF No. 68 at 9-18. Movant does not dispute that the drug distribution charges are predicate offenses. ECF No. 135 at 2 ("[Movant's] only two qualifying convictions are for possession with intent to distribute crack cocaine."). The court will focus its analysis on Movant's attempted carjacking conviction, which is the only offense in contention.

2

violent felony. Under the ACCA as codified at 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.

Movant asserts that South Carolina attempted carjacking can be accomplished by intimidation, not exclusively by force. The South Carolina carjacking statute states that "[a] person is guilty of the felony of carjacking who takes, or attempts to take, a motor vehicle from another person by force and violence or by intimidation while the person is operating the vehicle or while the person is in the vehicle." S.C. Code Ann. § 16-3-1075. Courts in this circuit have not evaluated the South Carolina carjacking statute. However, courts have evaluated near-identical language in the federal carjacking statute. That statute states that a person "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so" is guilty of the crime of carjacking. 18 U.S.C. § 2119. Courts have focused their analysis on the "intimidation" element of the statute, which is also present in the South Carolina statute and at issue in Movant's motion.

In United States v. Evans, the Court of Appeals for the Fourth Circuit compared the federal carjacking statute to the federal bank robbery statute, another federal statute containing

3

the "intimidation" element. 848 F.3d. 242 (2017). The Evans court stated that "the term 'intimidation,' as used in the federal bank robbery statute, required the threatened use of physical force, and that, therefore, the federal crime of bank robbery categorically qualified as a crime of violence under the force clause of Section 924(c)(3)." Id. at 247 (quoting United States v. McNeal, 818 F.3d 141, 153 (2016)). Because the federal carjacking statute contains the same "intimidation" language as the federal bank robbery statute, the Evans court concluded that "carjacking . . . is categorically a crime of violence under the force clause of Section 924(c)(3)." Id. at 247-48; see also Robinson v. United States, C/A No. 5:98-0420, 2017 WL 1382329 at * 2 (D.S.C. April 18, 2017)(finding that the federal carjacking statute is categorically a crime of violence based on the Fourth Circuit's holding in Evans). The Fourth Circuit equated "intimidation" with "the threatened use of physical force." Because the South Carolina carjacking statute contains the same language as the federal statute, the court finds that the Fourth Circuit's reasoning applies to the South Carolina statute. The court finds that South Carolina carjacking is categorically a crime of violence.

The fact that Movant was convicted of attempted carjacking does not change the court's analysis, as the elements of the
South Carolina statute are the same, even if the prosecutor only charges a defendant with attempt. The language of 924(e) also contemplates attempt offenses. Movant's motion is without merit.

### III.   CONCLUSION

The government's motion to dismiss is granted. Movant's § 2255 motion is denied, without prejudice.

4

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
July  25 , 2019